**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS C. SMITH, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 14-0060-KD-B** |
| | ) | |
| **WINN-DIXIE MONTGOMERY, LLC, and** | ) | |
| **GEORGE R. BATISTE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

This action is before the Court on plaintiff Thomas C. Smith, Sr.'s Motion for Leave of Court to File First Amended Complaint (doc. 36) and Motion to Remand (doc. 37), the responses filed by defendants Winn-Dixie Montgomery, LLC and George R. Batiste (Defendants) (docs. 39, 40) and Smith's replies (docs. 43, 44). Upon consideration, the motion for leave to file the First Amended Complaint is GRANTED and the proposed First Amended Complaint is deemed filed upon entry of this order. Accordingly, pursuant to 28 U.S.C. § 1447(e), this action is remanded to the Circuit Court of Mobile County, Alabama. Smith's motion to remand is MOOT.

Plaintiff Thomas C. Smith, Sr. brought this action for negligence and wantonness against the Defendants in the Circuit Court of Mobile County, Alabama. Smith alleges that Defendants miss-filled his prescription for 100 ml of Humulin R, a synthetic form of Insulin, with 500 ml of Humulin R. On March 19, 2013, Smith injected himself at work and his blood sugar level dropped substantially while he was driving home. Smith's inappropriate driving was reported to the Mobile County Sheriff's Department and a

Deputy Sheriff pulled him over. Smith's behavior was erratic and fluctuated between calm and aggressive. The Deputy Sheriff put handcuffs on Smith who injured his wrists while struggling against the cuffs. Paramedics arrived and stabilized Smith's blood sugar level. He was transported to the University of South Alabama Medical Center where he was hospitalized for treatment. (Doc.1-1, Complaint)

Smith filed his Complaint against the Defendants on January 16, 2014. (Doc.1-1) Defendants removed the action to this Court on February 14, 2014 (doc. 1). The Rule 16(b) Scheduling Order was entered on March 12, 2014 (doc. 11) and discovery commenced. On June 6, 2014, the deadline for amendments to pleadings, Smith filed his motion for leave to amend his Complaint to add Joanie Bosarge as a defendant (doc. 36). Smith alleges that even though he had a cash register receipt for the Humulin R which showed the Cashier as Joan___, he found out at a deposition on May 21, 2014 that Joan___ , was Joanie Bosarge a former Pharmacy Technician for Winn-Dixie who may have been involved in processing his prescription. Defendants object to the motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Relevant to this removed action 28 U.S.C. § 1447(e), provides as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.

28 U.S.C. § 1447(e).

The statute vests discretion in the district court to determine whether joinder of a defendant who destroys diversity jurisdiction is appropriate. "[W]hen faced with an amended pleading naming a new nondiverse defendant in a removed case," the court

"should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). To do so, the district court "should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* These factors serve to balance the Defendants' "interest in retaining the federal forum" with the "danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources." *Id.*

The first factor weighs in favor of granting the motion. The evidence before the Court does not indicate that Smith's purpose is to defeat federal jurisdiction. Smith intended to sue other persons such as pharmacists or technicians involved in processing his prescription as evidenced by the style of his original complaint and the discovery served with his original complaint wherein he sought the name, address and job title of the persons responsible for filling his prescription. Smith has shown that had this action not been removed, he would have amended his complaint to add such other persons involved in processing his prescription when their identities were made known through discovery. Strongly in Smith's favor is the fact that he did not seek leave to amend to add Joan___ as a defendant, until he discovered that she was a Pharmacy Technician (doc. 36, Exhibit 9, License) and a person who may have processed the prescription at issue. *See Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Speciality Ins. Co.*, 799 F.Supp.2d 1333, 1335 (S.D.Fla.2011) (moving to add a non-diverse defendant immediately after removal and before discovery indicates that the motion was made with the "specific purpose of destroying diversity jurisdiction.")

Smith has not been dilatory in asking for amendment, and therefore, the second factor weighs in favor of granting the motion. The motion was filed on June 6, 2014, the deadline for amendment of pleadings as set forth in the Rule 16(b) Scheduling Order, and approximately three weeks after the deposition of the Pharmacy Supervisor who identified Joan ___ as a Pharmacy Technician. Prior to that time, the information in Smith's possession indicated that Joan __ was a cashier. Also, as set forth above, Smith sought discovery of the persons involved in filling his prescription when he filed his original complaint. He also conducted discovery on this issue after removal despite the delays incurred. On June 5, 2014, the eve of the deadline to move for leave to amend, Winn-Dixie responded to Smith's discovery requests and identified Joanie Bosarge among the pharmacy employees working in the pharmacy on March 6, 2013 (doc. 36, p. 4; doc. 43-2, p. 4).

The third factor weighs in favor of allowing the amendment. In deciding whether Smith would be significantly injured, the Court may look to whether he can be afforded complete relief in the absence of the amendment. *Holiday Isle, LLC v. Clarion Mortgage Capital, Inc.*, 2008 WL 1756369, *3 (S.D. Ala. Apr. 11, 2008). In that regard, Defendants argue that Smith could obtain complete relief in this action because Batiste is jointly responsible and liable under Alabama law[1] for the acts or omissions of Bosarge or other

---

[1] Ala. Code § 34-23-131 ("(a) A pharmacy technician shall not perform pharmacy functions or be present in the prescription department of a pharmacy unless he or she is under the direct supervision of a licensed pharmacist. A pharmacy technician shall not perform pharmacy functions or be present in the prescription department of a pharmacy unless he or she is registered by the board. (b) When supervision is required, a licensed pharmacist shall be jointly responsible and liable for the actions of a pharmacy technician. . . . ")

pharmacy technicians he supervises and because Winn-Dixie is liable under the doctrine of *respondeat superior* for the act or omissions of both Batiste and Bosarge. However, as Smith points out, Defendants answered and denied that Batiste was acting in the line and scope of his employment at the time the prescription was filled (doc. 2, at ¶ 9). He also points out that success against Winn-Dixie under the doctrine of *respondeat superior* is not guaranteed. Thus, Smith could be afforded complete relief if Bosarge, Batiste, and their employer Winn-Dixie are joined as defendants in a single action and Smith allowed to pursue any applicable individual claims against Bosarge and Batiste, should it be found that Batiste, who is responsible for supervising Bosarge when performing pharmacy functions, was not acting within the line and scope of his employment when the miss-filling of the prescription occurred.

Defendants cite to *Linares v. Home Deport, USA, Inc.*, 2012 WL 1441577, *3 (S. D. Fla. Apr. 26, 2012) for their argument that it is unlikely that Smith would pursue a state court action against Bosarge if not allowed to join her in this action. However, Smith has indicated his intent to file suit against Bosarge in the state court should this amendment not be allowed. Thus, the likelihood that he will pursue his claim against Bosarge is not remote. Moreover, Bosarge as a licensed Pharmacy Technician who is required by statute and administrative regulation to be supervised by Batiste when performing pharmacy functions is not in the same posture as the named defendant in *Linares* who was alleged in the proposed amended complaint to have negligently maintained the store and failed to train employees.

---

"Pharmacy Functions" are defined as "Those functions performed in a pharmacy department which do not require the professional judgment of a licensed pharmacist." Ala. Code § 34-23-130(1).

Other factors bearing on the equities weigh in favor of allowing Smith's motion for leave to amend. Smith convincingly explains that he has tried to learn the identities of the pharmacists and technicians allegedly responsible for miss-filling his prescription since the inception of his lawsuit and that had he known about Bosarge, she would have been included in the lawsuit from the beginning. Despite Winn-Dixie's disclosure on June 5, 2014, of the names of the pharmacy employees working March 6, 2013 when Smith's prescription was filled,[2] Winn-Dixie still has not produced the incident report,[3] which likely would identify the persons involved in processing the prescription. Moreover, on June 5, 2014, Winn-Dixie provided its responses to Smith's request for supplemental responses wherein it states that it "has not determined which employee re-filled Plaintiff's Humulin R 100 prescription on March 6, 2013" and that it "continues to research and investigate the subject refill in order to determine which pharmacy employee re-filled" the prescription (doc. 43-2, p. 3).

In conclusion, weighing the Defendants' "interest in retaining the federal forum" with the "danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources[.]" *Hensgens*, at 1182, Smith's motion for leave to amend is due to be granted. Smith timely moved for leave to amend

---

[2] (Doc. 36, Exhibit 11)

[3] Smith provides the Court with a copy of his demand letter dated July 24, 2013 (doc. 43-4). In the letter, Smith states that the Pharmacy Supervisor filled out an incident report when Smith's wife complained about the miss-filled prescription that lead to Winn-Dixie investigators contacting the Smiths and asks that the investigators stop. (Id., p. 3) Smith stated that Winn-Dixie had not provided a copy of the incident report and noted his intent to file a motion to compel to obtain the incident report. (Doc. 43, p. 2, n.2) A motion to compel has now been filed. (Doc. 48)

to add Bosarge as a defendant soon after he was made aware that she was a Pharmacy Technician who may have been involved in processing his prescription.  As a result, this action is due to be remanded to the Circuit Court of Mobile County, Alabama for further proceedings.  *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 861–862 (11th Cir.1998) ("When the district court granted Ingram's motion to add the City as a defendant, complete diversity no longer existed between the parties, thereby destroying subject matter jurisdiction.")

Done and ordered this the 21st day of August 2014.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE